## IVINSON *v.* PEASE ET AL.

PRACTICE, JUSTICES' COURT APPEALS.—The statutes of Wyoming prescribe how a judgment of the court of a justice of the peace may be reversed. The law must be strictly followed, or the appellate court will not obtain jurisdiction.   No other proceedings can give jurisdiction.

COMPOUNDING FELONIES.—Neither a justice of the peace, prosecuting witness, nor prosecuting attorney, possesses the power to compromise felonies.

ERROR to the Second District Court for Albany County.

The plaintiff in error, who was prosecuting witness in a case of felony, on the preliminary examination before a justice of the peace, allowed judgment to be entered against him for costs, and the proceedings to be dismissed; but finding, after the time had expired for appealing from the justice's judgment, that the costs taxed were, as he, the prosecuting witness deemed, excessive, he attempted to have the matter reviewed on petition to the district court.

*J. W. Kingman*, for plaintiff in error.

The statute of 1873, secs. 511, 512, provides for the remedy sought in this case, both in the district and in the supreme courts.   Section 25 of the criminal code provides

to whom the justice shall direct his warrant, and gives him no power or discretion to direct it to any one else. Page 163, sec. 5, chap. 4, statutes of 1869, prescribes the duties of sheriffs, and does not include the service of warrants from a justice of the peace. Secs. 2 and 9 of chap. 33, prescribe the fees of sheriffs and constables, and a different rate is provided for each, in which the sheriff is allowed a higher rate than a constable.

The statute nowhere empowers a justice of the peace to tax costs against the complaining witness, in cases of felony; and even if in this case he promised to pay costs, it could afford no ground of suit or claim against him, because it would be a violation of sec. 89 of the Crimes Act, in relation to compounding felonies, and therefore void. But the flagrant wrong in this case consists in the unnecessary and reckless accumulation of costs, to the great oppression of the plaintiff, if he has to pay them, and to the willful plundering of the public, if the county must bear the burden.

The county attorney cannot charge fees in a case where there is no trial, "for examination." Such fees were allowed in each of the five cases, in this bill of costs, amounting to seventy-five dollars: Crim. Proc. Act, sec. 78.

*Bramel, Brown and Johnson,* for defendants in error.

This is an appeal from a judgment of the district court in an original case commenced in that court, to supervise the action of a justice and modify his judgment as to costs.

Defendants rest this case on two settled propositions of law, which have no reference to the merits of the justice's judgment: 1. The evidence having been incorporated into the transcript, the presumption is that there was evidence to support the judgment of the court below. The presumption is that the judgment was right, unless error affirmatively appears; 2. This seems to have been an original case in which the court was asked to revise the justice's judgment; and it is submitted that the court had no jurisdiction

to do so, unless the case came up in the manner provided by law, and that it so affirmatively appears it did not; and this court should render the same judgment that should have been rendered in the court below, to wit: Dismissal of of the bill, or petition as it is called.

By the Court, CAREY, J. : This is what purported to be a proceeding commenced before associate Thomas, in vacation, to re-examine, recharge and retax certain costs taxed by L. D. Pease, justice of the peace (one of the defendants in error), in Albany county, in certain prosecutions which had been instituted by the plaintiff in error against one Thos. Alsop and others, charging them with the commission of certain felonies.

The record in this case presents a strange state of facts. It appears that after the said prosecutions for felony had been partially examined, the witnesses for the prosecution were induced to leave the court-room, and that the prosecuting witness, the prosecuting attorney and the justice of the peace then and there agreed that the said prosecution should be dismissed, and that the prosecuting witness, Edward Ivinson, should pay all costs. The costs were accordingly taxed against the said Edward Ivinson, and execution issued therefor. It was to retax the costs that this proceeding was commenced. The district court affirmed the action of the justice.

The statute provides the manner in which the judgments of a justice may be reversed and affirmed, and we are satisfied that the proceedings instituted before the judge in this case did not give him jurisdiction of the case.

We are also satisfied that a justice, prosecuting witness and prosecuting attorney do not possess the power to compromise felonies. That the statute authorizes the taxation of costs in misdemeanors against the prosecuting witness, but not in felonies, but in this case the prosecuting witness agreed to pay the costs. That there was an erroneous and illegal taxation of costs. We have no doubt that a court of

equity, on the institution of proper proceedings, would give the plaintiff in error such relief as his case may merit, or if there is a collection of improper costs, that there may be a recovery had in a court of law.

All proceedings in this case dismissed.